I adhere to the opinion I expressed in the case ofReel v. Reel, nor do I think that the Act of 1819, providing that no written will shall be altered or revoked by parol, affects this question. It is very clearly not within the words of the act, for they relate to what was once a will; these declarations are offered to show that the proposed script never was a will. The questions are essentially different in their nature. The act prohibits a will, when actually made, from being altered or revoked by parol evidence. This is an attempt to exclude declarations going to show that it is not and never was a will. Suppose the defendant had made a case going to show a forgery, and the question was nearly balanced, shall not the declarations of the alleged testator be heard to determine the fact? Does the letter or the spirit of the act inhibit it. Yet, if the testimony be excluded under the statute in a case like the present, it must be excluded in all. It is enough for courts to see and ascertain the legislative will; it is not for them to inquire why the Legislature has excluded parol evidence upon questions of alteration or revocation, and permitted it in questions touching the making of a will. But I think I can perceive why they inhibited it in the one case and not in the other; in the first place, if the written will be established, there is clear and certain proof of what was the will of the testator at one time. By admitting mere parol declarations of revocation or alteration, a very uncertain and questionable will may be (449) substituted, by the perjury and misrepresentation of witnesses, for one clearly established, and there are no means of preventing these perjuries, as they point to nothing by which their falsity may be detected. Mere words, such as "I revoke my will," which were admissible before the late statute, cannot be easily disproved, because they may be sworn to have been uttered when no one but the perjured witnesses were present. But it is not so with declarations that the script in question never was the will of the supposed testator; they refer to the time of the alleged making — to the opposing proof which supports the will — and they may be weighed and compared with it. This policy is not confined to the Act of 1817. It is to be found in the book debt law; a person may swear to his account for goods sold and delivered (not sold only), or for work and labor done, but not to a special agreement, or even to money lent, because the latter are incapable of disproof; they point to nothing by which their truth can be tested. It is otherwise as to goods sold and delivered, or work and labor done. There is some chance of opposing false accounts of this description, for the consideration is something *Page 366 
visible, something tangible, the want of which may very probably be shown, and prevent imposition to any great extent. The same policy is visible in this statute. It is not for me to say how much such evidence ought to weigh, having, as I have elsewhere observed, no weights and measures for my own mind. It must, under the circumstances of each case, be left to the judgment and discretion of the jury as rational men; if they believe it, they will give it effect; if they do not believe it, of course they will pay no attention to it. I think a new trial should be granted.